**Leroy BARKER, Plaintiff,**

v.

**The UPJOHN COMPANY, Defendant.**

**Civ. A. No. 66–H–84.**

United States District Court
S. D. Texas,
Houston Division.
May 24, 1966.

Frederick W. Robinson and George Donalson, Houston, Tex., for plaintiff.

Baker, Botts, Shepherd & Coates, Finis E. Cowan, Houston, Tex., for defendant.

*Memorandum:*

INGRAHAM, District Judge.

On February 28, 1966, defendant filed in this court its petition for removal from the 55th District Court of Harris County, Texas, a removal bond, and its original answer. Copies of all these papers were mailed to plaintiff the same day.

On March 22, 1966, plaintiff filed a demand for trial by jury. Defendant now moves that the demand be stricken.

 Rule 38(b) of the Federal Rules of Civil Procedure provides that a demand for jury trial must be made within ten days after service of the last pleading directed to the relevant issues. The rule is clear and unambiguous. Its application to the facts at hand is free of doubt. Defendant's original answer was served on plaintiff on February 28, 1966, and the ten day period commenced on the following day. Even the addition

of three days for mailing makes the final day for plaintiff to file a demand for trial by jury March 13, 1966. Plaintiff filed its demand on March 22, 1966, twenty-two days after the period commenced. Consequently, plaintiff's demand was not timely under the rule.

This is not a case where the party requested a jury in the state court prior to removal, for plaintiff made no demand for trial by jury in the state court.

Plaintiff offers only one excuse, that he was waiting to be notified by the clerk of this court as to the number and judge assigned to the case. Such a notification is not made by the clerk of this court. More importantly, Rule 38(b) makes reference to no such notification; it specifies ten days from service of the last pleading on the issues (here the defendant's answer).

■ This court perceives no mitigating factors justifying the exercise of its discretion to permit the tardy demand for trial by jury.

Defendant's motion to strike plaintiff's demand for trial by jury will be granted. The clerk will notify counsel to draft and submit appropriate order.